■ JAMES D. STAFFORD, Respondent, v. ST. CLARE'S HOSPITAL, Appellant, et al., Defendants.— In an action to recover damages for injuries sustained by plaintiff as the result of a burn on his left wrist due to a defective lamp while he was undergoing an operation in the defendant hospital for the removal of a cyst on his wrist, said defendant hospital appeals from so much of a judgment of the Supreme Court, Kings County, entered August 12, 1959, as is in favor of plaintiff and against the hospital, for $8,818.25, after a nonjury trial. Judgment insofar as appealed from affirmed, with costs. No opinion. Nolan, P. J., Beldock, Christ, Pette and Brennan, JJ., concur.

■ SEYMOUR WEISMAN et al., Appellants, v. ABRAHAM KOPF, Respondent.— In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Kings County, dated August 24, 1959, denying their motion to open their default, vacate the dismissal of their complaint and permit them to file their statement of readiness and restore the action to the Trial Calendar. The action was dismissed pursuant to rule 302 of the Rules of Civil Practice after the lapse of one year from the time that it was struck from the calendar because of appellants' failure to file a statement of readiness (see Rules App. Div. [2d Dept.], Special Rule, eff. January 15, 1957, as amd.). Order affirmed, without costs. The dismissal took place on October 2, 1958. Thereafter, in November, 1958, plaintiffs instituted a second action in which the complaint is identical with the complaint in this action. Eight months after the dismissal of this action, plaintiffs made the present motion to open their default. To open his default the moving party must submit an affidavit showing a sufficient excuse for his default and merit in his action. (*Walsh* v. *Ben Riley's Arrowhead Inn*, 2 A D 2d 714.) It is our opinion that plaintiffs here have not met this test. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur.

■ TILDA WILGARD, Respondent, v. SKYWAY CONSTRUCTION CO., INC., et al., Appellants, et al., Defendants. SKYWAY CONSTRUCTION CO., INC., Third-Party Plaintiff, v. WALTON ELECTRIC CO., INC., Third-Party Defendant.— In an action to recover damages for personal injuries, the defendants Skyway Construction Co., Inc., and 148 West 48th Corp. appeal from an order of the Supreme Court, Kings County, dated November 9, 1959, which grants plaintiff's motion to: (1) open her default; and (2) vacate a judgment of said court entered against her on September 22, 1959, upon the payment of costs, and, upon such payment, denies said defendants' motion to dismiss the complaint for failure to prosecute. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur.